**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| MISSOURI CROP, LLC, and MATTHEW BURGHER | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CGB DIVERSIFIED SERVICES, INC., d/b/a DIVERSIFIED CROP INSURANCE SERVICES, and CROP USA INSURANCE AGENCY, INC., d/b/a, CROPUSA | ) ) ) ) ) |
| Defendants. | ) ) ) |
| CGB DIVERSIFIED SERVICES, INC., d/b/a DIVERSIFIED CROP INSURANCE SERVICES, | ) ) ) ) No. 2:15CV00024 ERW |
| Counterplaintiff/ Crossclaim Plaintiff, | ) ) |
| v. | ) ) |
| MISSOURI CROP, LLC and GEMCAP LENDING I, LLC, | ) ) ) |
| Counterdefendants, | ) ) |
| and | ) ) |
| CROP USA INSURANCE AGENCY, INC., d/b/a, CROPUSA | ) ) ) |
| Crossclaim Defendants. | ) |

## **MEMORANDUM AND ORDER**

The following Memorandum and Order comes before the Court after discovering

concerns regarding the proper service of Crop USA Insurance Agency, Inc. dba CROPUSA

(CROPUSA). The court is concerned Plaintiffs Missouri Crop, LLC (Missouri Crop) and Matthew Burgher (Burgher) have never properly served CROPUSA and the time limit has expired. The Court also notes Missouri Crop and Burgher did not serve CROPUSA with a counterclaim, and GemCap Lending I, LLC (GemCap) did not serve CROPUSA with its own crossclaim. The Court also understands if CROPUSA was properly served, the time limit to file an answer or other motions has passed, and default judgement may be appropriate.

**I.    Background**

This case is before the Court after CGB Diversified Services, Inc. dba Diversified Crop Insurance Services (Diversified) filed a Notice of Removal on April 2nd, 2015. Exhibits A and B of the Notice of Removal contain emails from Kal Shah, counsel for Diversified, to John Munding, whom Diversified alleges is CROPUSA's counsel, asking CROPUSA to consent to removal to this Court. [ECF No. 1-2, 3] Mr. Munding did not reply to either email, and no one from CROPUSA has filed an entry of appearance in this court. In the unopposed motion for preliminary injunction of Burgher and Missouri Crop state they have been unable to serve CROPUSA. [ECF No. 15 ¶ 2] However, the Court takes judicial notice of the related state court filings, which indicate on March 20, 2015 a return of service was filed in the State Court after the Missouri Secretary of State had been served. Further, Diversified was able to serve CROPUSA with its amended answer and Crossclaim [ECF No. 20] on July 24, 2015, after the request for an issuance of summons [ECF No. 24]. CROPUSA has not responded or appeared before this Court or State Court.[1] based on the State Court's electronic filing record.

The court also takes notice of other items not found in the record. Missouri Crop and Burgher's did not file proof of service for CROPUSA on a counterclaim filed on August 7th,

---

[1] This court takes notice of the State Court's electronic filing record, which does not show an entry of appearance or filing from CROPUSA.

2015. The same can be said about a Crossclaim filed by GemCap against all Defendants on August 28th, 2015.

## II. Concerns regarding the nature of service

The Court is concerned with whether CROPUSA has been properly served. "The effectuation of service is a precondition to a lawsuit, while waiver of insufficient service is the forfeiture of defense to that service". *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275–76 (10th Cir.1998). Pursuant to Rule 4m of the Federal Rules of Civil Procedure, "if a defendant is not served within 120 days after the complaint is filed, the court−on its motion or on its own after notice to the plaintiff−must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time." The initial petition was filed on March 4th, 2015 and the notice of removal was filed on April 2nd. The Court notes it has been more than 120 days since the removal of this case, and if plaintiff cannot prove CROPUSA has not been properly serviced, the court may be required to dismiss this action.

The Court asks the parties to file briefs on whether the service of CROPUSA has been proper, and if the service has not been proper whether dismissal is appropriate. The Court also asks the parties to consider whether Diversified's service of CROPUSA has any effect on the outcome. In the same brief the court also asks the parties to address whether Burgher, Missouri Crop, and GemCap need to serve CROPUSA with their new claims.

## III. Concerns regarding Default Judgement or Summary Judgment

CROPUSA was served on July 24th, 2015 with Diversified's counterclaim and their answer was due on August 13th, 2015. CROPUSA has not filed an answer or any other pleadings and default judgment may be appropriate. The court requests each of the parties present arguments on whether default judgement is appropriate, and what the manner of any judgements should be.

Accordingly,

**IT IS HEREBY ORDERED** that, within fourteen days of the issuance of this Order, the parties shall concurrently submit briefs to the court on the issues presented in this order. Specifically these briefs should address whether service of CROPUSA was defective, and if this service was defective should the Court dismiss the claim under Federal Rule of Civil Procedure 4m. The briefs should also address whether the counterclaim of Burgher and Missouri Crop and the crossclaim of GemCap are required to be served to CROPUSA. Finally, the briefs should also address whether default judgment is appropriate and for what pleadings.

**IT IS FURTHER ORDERED** that a copy of this Order be sent by U.S. mail and UPS Service with Confirmed Receipt to: R. John Taylor, Registered Agent, CROP USA INSURANCE AGENCY, INC., 111 Main Street, Lewiston, ID 83501.

Dated this <u>29th</u> Day of October, 2015.

*E. Richard Webber* (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE