**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| MISSOURI CROP, LLC, and MATTHEW BURGHER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CGB DIVERSIFIED SERVICES, INC., d/b/a DIVERSIFIED CROP INSURANCE SERVICES, and CROP USA INSURANCE AGENCY, INC., d/b/a, CROPUSA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| CGB DIVERSIFIED SERVICES, INC., d/b/a DIVERSIFIED CROP INSURANCE SERVICES, | )     No. 2:15CV00024 ERW |
| | ) |
| Counterplaintiff/ Crossclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MISSOURI CROP, LLC and GEMCAP LENDING I, LLC, | ) |
| | ) |
| Counterdefendants, | ) |
| | ) |
| and | ) |
| | ) |
| CROP USA INSURANCE AGENCY, INC., d/b/a, CROPUSA | ) |
| | ) |
| Crossclaim Defendants. | ) |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Plaintiffs Missouri Crop, LLC, and Matthew

Burgher's Motion for Leave to File First Amended Complaint [ECF No. 57], Cross-Claimant

GemCap's Motion for Summary Judgment [ECF No. 53], and GemCap's Motion to Enter a New Case Management Order [ECF No. 63].

## I.    BACKGROUND

In March 2015, Plaintiffs Missouri Crop, LLC ("Missouri Crop"), and Matthew Burgher ("Burgher") filed a civil action in the circuit court of Audrain County against CGB Diversified Services, Inc. ("Diversified"), and CropUSA. Diversified removed the action to the United States District Court-Eastern District of Missouri.

In their complaint, Plaintiffs alleged the following regarding the parties: Plaintiff Burgher, the sole member of Missouri Crop, LLC, sold multi-peril crop insurance ("MPCI") policies to farmers, earning commissions for these sales. Defendant Diversified is a managing general agent in the crop insurance industry and underwrites MPCI policies sold to farmers by Diversified's general agents. One of Diversified's general agents is Defendant CropUSA. CropUSA sold Diversified's MPCI Policies in exchange for commissions and utilized "subproducers" (*i.e.*, subagents, such as Plaintiffs) to assist in the sales.

This case concerns commissions earned by Plaintiffs in connection with the sale of Diversified's MPCI policies during the 2013 crop year (the "2013 commissions"). Plaintiffs have submitted claims against Diversified and CropUSA seeking to recover these commissions. Specifically, in their complaint, Plaintiffs asserted that: Burgher sold Diversified's MPCI policies pertaining to the 2013 crop year. Burgher executed an "Assignment of Commissions" to Missouri Crop, LLC, entitling Missouri Crop to receive commissions owed to Burgher. Plaintiffs earned $434,466 in commissions related to crop insurance policies for the 2013 growing season. GemCap, a commercial lender, provided a line of credit to CropUSA, which subsequently defaulted on the loan. As a result, CropUSA and Diversified became involved in a lawsuit with

GemCap in July 2013. During the pendency of this lawsuit, Diversified was enjoined from distributing the $434,466 in commissions earned by Plaintiffs. In the instant suit, Plaintiffs have alleged breach of contract, quantum meruit, unjust enrichment and conversion claims against Defendants. Plaintiffs also have asked the Court to enter judgment declaring the rights, status, and legal relationships of the parties with respect to the 2013 commissions.

Defendant Diversified's answer to Plaintiffs' complaint included a counterclaim and interpleader against GemCap and CropUSA. Diversified sought a determination by the Court as to the rightful recipient of the 2013 commissions. GemCap then filed a counterclaim/crossclaim, similarly asking the Court to enter an order declaring the rights and obligations of the parties with respect to the commissions held by Diversified. GemCap asserted it was the lawful owner and rightful recipient of the 2013 commissions. GemCap explained that, in conjunction with the line of credit provided to CropUSA, it filed a UCC Financing Statement against all assets owned by CropUSA, including CropUSA's commission streams. GemCap stated that when CropUSA defaulted on its loan, it lawfully foreclosed on its security interest in CropUSA's commission streams. GemCap argues these commission streams included the disputed 2013 commissions because Diversified was required to pay them directly to CropUSA as its general agent.

On April 1, 2016, Diversified filed an Unopposed Motion for Entry of Stipulation and Dismissal of CGB Diversified Services, Inc., with Prejudice. Diversified sought to deposit the disputed commissions into the Court's registry, and the parties stipulated to dismiss Diversified from the action. This Court has ordered Diversified to pay $434,466 into the Court's registry and has dismissed Diversified with prejudice from this action. In addition, the Court entered default judgment against CropUSA as it failed to plead or otherwise defend against claims filed against it.

On April 26, 2016, GemCap filed its Motion for Summary Judgment [ECF No. 53], claiming it was entitled to the interpled funds. On May 13, 2016, Plaintiffs sought leave from the Court to file their First Amended Complaint. The proposed First Amended Complaint sets forth several new factual allegations. The following additional facts were averred by Plaintiffs: Plaintiffs entered into a Sub-Agency contract with CropUSA to sell MPCI policies. This contract was terminated in 2012. Plaintiffs then sold their "book of crop insurance business" to Diversified. The purchase contract required Missouri Crop to operate under a Standard Agency Agreement with Diversified for the 2013 crop year. Plaintiffs had no contractual relationship or independent contract with CropUSA for 2013. As Plaintiffs were not contractually bound to CropUSA during the disputed time period, Diversified must pay the 2013 commissions directly to Plaintiffs.

On August 16, 2016, the Court received notice that Plaintiff Burgher had filed for Chapter 13 Bankruptcy. The Court delayed ruling on the pending motions as it was of the belief that a bankruptcy stay might be entered, and awaited the Bankruptcy Court's approval of employment of counsel for Plaintiff. On November 22, 2016, Plaintiff Burgher informed the Court that an agreement was reached with the Bankruptcy trustee to file a stipulation and proposed order for the employment of law firm--Leonatti and Baker PC--to represent Plaintiff Matthew Burgher in the case presently pending before this Court.

For the following reasons, the Court will grant Plaintiffs' Motion to Amend, and, accordingly, deny GemCap's Motion for Summary Judgment as moot.

## II.     DISCUSSION

### A.  MOTION TO AMEND

Plaintiffs request leave of the Court to file their First Amended Complaint. In the First Amended Complaint, Plaintiffs ask the Court to declare the rights, status and legal relationships of the parties with respect to the 2013 commissions. Plaintiffs argue amendment is necessary to "realign[] their theories of liability and claims against the interpled funds and clarify[y] the issues which the Court must decide."

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Under Rule 15(a), leave to amend pleadings should be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Unless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 907–08 (8th Cir. 1999). There is no absolute right to amend. *See, e.g., Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma–10 Plastics, Inc. v. Am. President Lines, Ltd.,* 32 F.3d 1244, 1255 (8th Cir. 1994), *cert. denied,* 513 U.S. 1198, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995). Whether to grant a motion for leave to amend is within the sound discretion of the court. *See id.* at 1255; *Williams,* 21 F.3d at 224.

Here, the Court will exercise its discretion to permit Plaintiffs to amend their complaint. Plaintiffs have not previously requested leave to amend their pleadings. Nor, have Plaintiffs unduly delayed these proceedings. Plaintiffs filed their Motion to Amend within the guidelines set forth in the Case Management Order, which stated "all motions for amendment of pleadings shall be filed no later than June 16, 2016." Plaintiffs filed their Motion to Amend on May 13,

2016. Moreover, Plaintiffs have not exhibited bad faith or dilatory motive in requesting amendment. Instead, Plaintiffs' request appears to stem from a change in counsel, the interpleader of GemCap, the default judgment against CropUSA, and the parties' stipulation that Diversified should be dismissed from this action.

In addition, the Court does not find undue prejudice to GemCap. Plaintiffs have added several factual allegations in the First Amended Complaint they did not previously assert. Nevertheless, the claim Plaintiffs allege on amendment, asking the Court to declare the parties' rights with regard to the 2013 commissions, is not a new request for relief—it was previously included in Plaintiffs' original five-count complaint.[1] GemCap itself seeks the same determination from this Court. As such, after considering the various factors, the Court does not find good reason to deny Plaintiffs' request to amend and will grant their Motion.

In the event the Court grants Plaintiffs leave to amend, GemCap asks the Court to enter a new case management order [ECF No. 50]. The Court, while it expects the case to proceed without undue delay, will grant GemCaps' motion and a new CMO will be issued. The parties are to submit a joint proposed CMO within 10 days of this Order's issuance.

## B. MOTION FOR SUMMARY JUDGMENT

GemCap has motioned the Court to grant summary judgment on GemCap's crossclaim and Diversified's crossclaim for declaratory judgment in GemCap's favor against all other parties. GemCap asserts it is entitled to summary judgment because it obtained a first-priority secured interest in and lien upon the 2013 commissions. GemCap filed its Motion based upon facts asserted in Plaintiffs' original complaint.

---

[1] In amending their complaint, Plaintiffs have eliminated four of the counts asserted, including breach of contract, quantum meruit, and conversion claims.

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable

evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

GemCap's Motion for Summary Judgment relies on certain key facts pertaining to two agreements—the Direct Agency Agreement (between CropUSA and Diversified) and the Sub-Agency Agreement (between CropUSA and Plaintiff Burgher). Specifically, GemCap maintains that under the Direct Agency Agreement: CropUSA agreed to sell Diversified's MPCI Policies in exchange for commissions; CropUSA would utilize subagents, such as Plaintiffs to help sell policies; and, Diversified was obligated to pay commissions to CropUSA directly (and not to its subagents). With regard to the Sub-Agency Agreement, GemCap alleges Plaintiff Burgher agreed to be a subagent of CropUSA and sell Diversified's MPCI policies on its behalf. GemCap asserts both agreements were in effect for the 2013 crop year.

In further support of its argument, GemCap maintains it obtained a first-priority security interest in CropUSA's commission streams when it provided a line of credit to CropUSA in 2011. In addition, because Diversified was required to pay the 2013 commissions directly to

CropUSA, GemCap alleges it had a secured interest in those commissions. GemCap further asserts that when CropUSA defaulted on its loan in 2014, GemCap lawfully foreclosed on the 2013 commissions. Based upon these "uncontroverted material facts," GemCap contends it is entitled to summary judgment.

However, in Plaintiffs' First Amended Complaint, they set forth new allegations which appear to create a genuine dispute of material fact with facts relied on by GemCap. Specifically, Plaintiffs contend they had terminated their Sub-Agency Agreement with CropUSA in 2012, and, therefore, had no contractual relationship with Crop USA for 2013. Plaintiffs claim they instead operated under a Standard Agency Agreement with Diversified for the 2013 crop year. Thus, there appears to be a genuine dispute of material fact as to whether 1) the Sub-Agency Agreement was in effect for the 2013 crop year, and 2) whether, as a consequence, CropUSA was entitled to be paid Plaintiffs' 2013 Commissions directly by Diversified.

GemCap has acknowledged Plaintiffs' amendment would impact its Motion for Summary Judgment. GemCap conceded if Plaintiffs are permitted to file their First Amended Complaint, it would create a number of factual issues, and the case would no longer involve a purely legal issue of who is entitled to the funds held by Diversified. As such, because Plaintiffs' Motion to Amend will be granted, the Court will deny GemCap's Motion for Summary Judgment as moot. GemCap may submit an amended motion for summary judgment within the deadlines that will be set by the revised CMO.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File their First Amended Complaint [ECF No. 57], is **GRANTED**.

**IT IS FURTHER ORDERED** that GemCap's Motion to Enter a New Case Management Order [ECF No. 63], is **GRANTED**. The parties are to submit a joint proposed CMO within 10 days of this Order's issuance.

**IT IS FURTHER ORDERED** that GemCap's Motion for Summary Judgment [ECF No. 53], is **DENIED** as moot.

So Ordered this 6th day of January, 2017.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**